UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DEREK ANTHONY PILLAY,<br><br>   Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS INC, and DOES 1 TO 100, inclusive,<br><br>   Defendants.<br>_____/ | No. C 09-02226 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Dismissal of Complaint** |

On May 20, 2009, plaintiff Kenneth Derek Pillay ("plaintiff") filed, pro se, a complaint advancing more than twenty causes of action ranging from unlawful electronic surveillance to abridgment of freedom of communications. Plaintiff's allegations concern his divorce proceedings, an attorney fee dispute that arose therefrom and related to stock options held by Cisco ("defendant") in plaintiff's name, allegations of a conflict of interest by a California superior court judge, and plaintiff's termination of employment with defendant. Plaintiff also delves into an extensive discussion of the specific projects he worked on while employed with defendant, such as his implementation of Open Source software, because it "may be relevant" to the federal causes of action.

As a threshold matter, lawsuits concerning divorce and family law are generally matters for state courts, not federal courts such as this one. See In re Burrus, 136 U.S. 586, 593-594 (1890); Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). That issue notwithstanding, a *sua sponte* dismissal of the complaint is compelled, because plaintiff fails to meet the bare requirements of

1 Federal Rule of Civil Procedure 8.  A complaint must contain "a short and plain statement of the
2 claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss
3 should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible
4 on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Dismissal can be based on the
5 lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
6 theory.  <u>Balistreri v. Pacific Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

7     If the instant complaint has some wheat, i.e., a potentially meritorious claim, it is obscured
8 beyond recognition by the chaff.  The long and confused complaint is insufficient to place a
9 defendant on notice of the claims being leveled against it.  <u>See</u> <u>McKeever v. Block</u>, 932 F.2d 795,
10 798 (9th Cir. 1991) (citation omitted).

11     Dismissal of a pro se complaint without leave to amend is proper "only if it is absolutely
12 clear that the deficiencies of the complaint could not be cured by amendment."  <u>Weilburg v. Shapiro</u>,
13 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).  Here, it is unclear whether the complaint
14 could be remedied by amendment.  Accordingly, the complaint is DISMISSED as to all defendants
15 WITHOUT PREJUDICE.

17     IT IS SO ORDERED.

20 Dated: June 4, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California